UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO: 15-10686-LTS

**IN THE MATTER OF**
**GORDON E. PARRY, JR., as Owner of**
**2003 Chaparral Signature 280 cabin cruiser,**
**MS-2594-AJ, HIN-FGBA0331F203,**
**for Exoneration from or Limitation of Liability**

**3A MARINE SERVICE, INC.'S OBJECTION TO PLAINTIFF, GORDON E. PARRY'S, STATUS REPORT [DOCKET ENTRY NO. 96] AND MOTION FOR SANCTIONS UNDER FED.R.CIV. P. 37(C)(1)**

Now comes the Claimant/Third-Party Defendant, 3A Marine Service, Inc. ["3A Marine"], by and through its undersigned counsel, and submits its Objection to Plaintiff, Gordon E. Parry's, Status Report, Docket Entry No. 96, and its Motion for Sanctions under Fed.R.Civ.P. 37(c)(1).

## BACKGROUND

On August 24, 2014, an explosion and fire occurred onboard Plaintiff's vessel while he navigated it through Provincetown Harbor. *See Paragraph Nos. 7-12 of Plaintiff's Third-Party Claim, Docket No. 25.*

In Count I of Plaintiff Third-Party Claim against 3A Marine, he alleges that "repair service and/or replacement parts provided by 3A Marine … were faulty." *Id.* at *Paragraph No. 21.* In Count II of his Third-Party Claim, Plaintiff alleges that "3A was negligent in supplying repair service and/ or faulty replacement parts …." *Id.* at *Paragraph No. 24.* In Count III of his Third-Party Claim, Plaintiff alleges that "3A was grossly negligent in supplying repair service and/ or faulty replacement parts …." *Id.* at *Paragraph No. 27.* In Count IV of his Third-Party Claim, Plaintiff simply alleges that "Parry seeks

indemnification … from 3A Marine due to its sole fault ….." *Id.* at *Paragraph No. 30.* In Count V of his Third-Party Claim, Plaintiff alleges that "[he] seeks contribution … from 3A Marine due to its comparative and/or contributory fault." *Id.* at *Paragraph No. 32*. In Count VI of his Third-Party Claim, Plaintiff alleges that "3A expressly and/or impliedly warranted … that's [sic] its repair service and replacement parts were safe …. ." *Id.* at *Paragraph No. 35*.

On May 31, 2017, after conferring with all counsel, Claimant, David Lundmark's ("Lundmark"), counsel filed a Joint Status Report [Docket Entry No. 92] advising the Court that an extension of discovery was necessary to schedule and obtain 3A Marine's Rule 30 (b)(6) deposition and thereafter, complete the parties' expert disclosures. The parties requested the following extension of the Court's Scheduling Order:

1. Claimant/3 rd Party, Defendant, 3A Marine, shall be deposed pursuant to F.R.Civ.P. 30(b)(6) at 10:00 a.m. on June 21, 2017 at the office of Latti & Anderson LLP in Boston.

2. Expert Discovery:

   a. Trial experts for the party with the burden of proof on a claim or defense must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by Thursday, July 20,2017.

   b. Rebuttal trial experts, and all other expert witnesses, must be designated and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by Thursday, August 17, 2017.

   c. All trial experts must be deposed by Friday, September 15, 2017

3. Dispositive motions to be filed on or before October 16, 2017.

On June 1, 2017, the Court issued an Order granting the parties' requested Joint Status Report and its proposed schedule.

On June 14, 2017, the parties attended a Status Conference and the Court reviewed the status of the case and set a further Status Conference for September 18, 2017.

On June 21, 2017, the parties obtained 3A Marine's Rule 30 (b)(6) deposition at the office of Latti & Anderson LLP in Boston as ordered by the Court.

On July 20, 2017, 3A Marine produced its expert disclosures of Michael K. Higgins, Sr. ("Higgins") via email to Plaintiff's counsel and Lundmark's counsel as ordered by the Court. *A copy of counsel's email and its enclosures are attached hereto as Exhibit 1*. Within Higgins' expert report, he opines, in part, that "the fire was not caused by any failure or omission in the maintenance and repairs of the Vessel by …, 3A Marine Service, Inc. The fire was caused by the improper storing of a three (3) gallon gasoline tank at the top of the stairs leading into the Vessel's forward cabin and storing a Yamaha 8 horsepower engine in the Vessel's forward cabin by the Plaintiff on August 24, 2014." *See Exhibit 1*.

Plaintiff and Lundmark did not serve any expert disclosures on July 20, 2017.

On August 17, 2017, which was the Court's deadline for the disclosure of rebuttal trial experts and all other expert witnesses, Plaintiff's counsel sent an email and left a voicemail with 3A Marine's undersigned counsel seeking 3A Marine's assent to the filing of the Status Report, Docket Entry No. 96. Within his voicemail, Plaintiff's counsel advised that Plaintiff located an exemplar vessel in Connecticut and Plaintiff, with Lundmark's agreement, wished to conduct testing on this previously undisclosed and unidentified vessel. In reply, 3A Marine's counsel did not assent to the filing of the Status Report and advised opposing counsel that 3A Marine did not agree to any testing or

inspection of an "exemplar vessel" in Connecticut. 3A Marine's counsel also reminded opposing counsel that the deadline for expert disclosures expired on August 17, 2017.

Plaintiff and Lundmark did not serve any expert disclosures on August 17, 2017 and instead filed the Status Report, Docket Entry No. 96. Plaintiff and Lundmark did not seek an extension of the Court's expert disclosure deadline of August 17, 2017 or provide any justification or reason for failing to meet the ordered deadline.

**ARGUMENT**

Plaintiff's Third-Party Claim against 3A Marine is based solely on a purported theory that 3A Marine was "negligent in supplying repair service and/ or faulty replacement parts." Following the subject fire, Plaintiff's insurer salvaged and retained the wreck for inspection. A joint inspection by experts, including Higgins, occurred on October 14, 2014. Upon information and belief, Plaintiff's insurer has retained the wreck since the joint inspection at its laboratory in Connecticut. Since the joint inspection, Plaintiff has not indicated or communicated any need or necessity to conduct any further testing of Plaintiff's vessel or its equipment.

Nearly three (3) years after the incident, Plaintiff and Lundmark seek to incur further time and expense by conducting "testing" on an unidentified "exemplar vessel" in Connecticut in order to test Higgins' theory of causation, which has nothing to do with negligent repair or service. After three (3) years, Plaintiff, Lundmark and their experts know, should know, or have developed some evidence to support claims against 3A Marine. However, 3A Marine is still waiting for any evidence from Plaintiff or Lundmark or their experts to support claims against it. Their request for testing of Higgins' theory of causation is a dilatory tactic, which won't assist them with their lack of evidence to support

claims of negligent repair and maintenance against 3A Marine. Any proposed testing will not recreate the conditions onboard Plaintiff's vessel on August 24, 2014. Accordingly, the Court should deny their request for testing of the exemplar vessel as it seeks information that it is immaterial, irrelevant, unreliable and wastes further time and expense.

With the Court's expert disclosure deadline set to expire on August 17, 2017, Plaintiff was finally required to set forth the facts and opinions he has to support his allegations that 3A Marine was "negligent in supplying repair service and/ or faulty replacement parts." Yet, when the deadline for disclosures expired, Plaintiff claimed that he needs additional time to conduct testing, which he fails to describe, on an unidentified "exemplar vessel" in Connecticut claiming he needs to test Higgins' theory on causation. Higgins discounts Plaintiff's theory of negligent repair and service against 3A Marine and places the fault for the subject fire squarely upon Plaintiff as the vessel owner. Despite incurring months of time and expense in its defense against Plaintiff's allegations, 3A Marine does not know nor can its expert, Higgins, identify any evidence to support Plaintiff's allegations of negligent repair or service against 3A Marine. Accordingly, any testing of Higgins' theory fails to promote or support Plaintiff's allegations of negligent repair or service against 3A Marine and the request should be denied.

Furthermore, and more importantly, the Court's ordered expert disclosure deadline expired on August 17, 2017 without Plaintiff and Lundmark producing any expert disclosures to support allegations that 3A Marine was "negligent in supplying repair service and/ or faulty replacement parts." "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that

information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Fed. R. Civ. P. 37 (c)(1); See also Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 191 (1st Cir. 2006) (First Circuit stating that *Fed. R. Civ. P. 37 (c)(1)* "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches ..., and the required sanction in the ordinary case is mandatory preclusion."). Plaintiff and Lundmark have not provided any expert disclosures, including any support for the theory of negligent repair and service against 3A Marine. Plaintiff and Lundmark have not provided any justification for their failure to timely produce expert disclosures by August 17, 2017. Accordingly, the required sanction against Plaintiff and Lundmark is mandatory preclusion of any expert opinions on a motion, at a hearing, or at a trial.

WHEREFORE, 3A Marine Service, Inc. prays that the Court deny Plaintiff, Gordon E. Parry, Jr.'s, and Claimant, David P. Lundmark's, request to conduct testing on an unidentified "exemplar vessel" in Connecticut in order to test Michael K. Higgins' theory of causation.

The time for expert discovery has expired. Plaintiff and Lundmark had ample time and opportunity to develop evidence to support claims of negligent repair and service against 3A Marine, but they have not produced any expert disclosures that 3A Marine was "negligent in supplying repair service and/ or faulty replacement parts." Accordingly, the Court should also impose the required sanction against Plaintiff and Lundmark, which is mandatory preclusion of any expert opinions on a motion, at a hearing, or at trial.

                                            Respectfully submitted
                                            Claimant/Third-Party Defendant,
                                            3A MARINE SERVICE, INC.
                                            by its attorneys,

                                            **CLINTON & MUZYKA, P.C.**
                                            */s/* Terence G. Kenneally"
                                            **Terence G. Kenneally**
                                            **BBO NO: 642124**
                                            88 Black Falcon Avenue
                                            Suite 200
                                            Boston, MA 02210
                                            Tel: (617) 723-9165
                                            Email:  tkenneally@clinmuzyka.com


## LOCAL RULE 7.1 (A) (2) CERTIFICATE

Boston, MA                                                                  August 18, 2017

     I, Terence G. Kenneally, hereby certify that we conferred on August 17, 2017 with Plaintiff's counsel and Lundmark's counsel via email concerning the Court's expert discovery deadline and failure to produce expert disclosures by the end of the day.  After conferring and not receiving any expert disclosures from either Plaintiff or Lundmark, we have filed this motion for this Honorable Court's consideration.

                                                   "/s/ Terence G. Kenneally"
                                                    Terence G. Kenneally

## CERTIFICATE OF SERVICE

     Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 18, 2017**.**

                                                  */s/* Terence G. Kenneally"
                                                 Terence G. Kenneally