# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO: 15-10686-LTS

IN THE MATTER OF
**GORDON E. PARRY, JR., as Owner of
2003 Chaparral Signature 280 cabin cruiser,
MS-2594-AJ, HIN-FGBA0331F203,
for Exoneration from or Limitation of Liability**

**CLAIMANT/THIRD-PARTY DEFENDANT, 3A MARINE SERVICE, INC.'S,
REPLY TO PLAINTIFF'S OPPOSITION TO
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Now comes Claimant/Third-Party Defendant, 3A Marine Service, Inc. ("3A Marine") in the above captioned matter, by and through its undersigned counsel, Clinton & Muzyka, P.C., and submits its Reply to Plaintiff, Gordon E. Parry's ("Parry"), Opposition to 3A Marine's Motion for Summary Judgment.

For the reasons set forth in further detail within its following Reply Memorandum of Law, 3A Marine submits that this Honorable Court should dismiss Parry's First Amended Third-Party Claim.

## <u>ARGUMENT</u>

**I.**     **Parry's Additional Statement of Undisputed Material Facts fails to set forth the element of causation necessary to support his claims of liability against 3A Marine.**

Parry's factual statements fail to identify the specific obligation or task that 3A Marine assumed and performed and then purportedly breached in servicing the Vessel before the Incident. Parry has never set forth the cause for the accumulation of gasoline vapors while he was operating the Vessel from its helm. Parry claims 3A Marine

"failed to take appropriate steps to find the leak in the engine's high pressure fuel system that resulted in the explosion and fire which appears to have resulted from the loose fitting." *Docket Entry No. 123* at 10 of 13. But the experts in this case have only set forth opinions concerning potential sources of leaking fuel, and as Parry's expert, Steven Sundquist ("Sundquist"), testified "the exact location of the [alleged] fuel leak cannot be identified." See *page 36 of 50 within Docket Entry No. 122-3, which is page 4 of Sundquist's report.* Sundquist's examination and inspection of the Vessel's fuel lines failed to reveal the location because "[t]hey were too heavily damaged." See *page 55 of Girvalakis' deposition*. As 3A Marine's expert, Michael Higgins, testified, "[The experts] can tell a lot of things that did not happen, things that didn't happen, but we don't know what did happen exactly." See *Docket Entry No. 118* at ¶22. Accordingly, the experts are unable to determine the cause of the subject explosion and fire and have readily admitted that the cause of the purported fuel leak is unknown.

The discovered evidence in the light most favorable to Parry is that Parry operated the Vessel on several occasions during the four (4) weeks before the Incident without any indication of any problems. In fact, the evidence reveals that on the day before the Incident, Parry ran the Vessel's engines for thirty (30) minutes without a problem. Yet, the very next time that Parry operated the Vessel's engines, an explosion and fire occurred while Parry was standing at the Vessel's helm. Clearly, these facts implicate Parry's negligence for the Incident and should properly free 3A Marine from any implication that its failure to service an unidentified fuel system problem caused the Incident.

Before the Incident, Parry believed that the Vessel was "running the best it's run in a long time." See *Docket Entry No. 118* at ¶5. Parry did not make any complaints to 3A

Marine about the Vessel following July 25, 2014.  3A Marine did not perform any service on the Vessel for the four (4) weeks before the Incident.  During these four (4) weeks, Parry operated the Vessel on several voyages from Savin Hill Yacht Club, including trips to and from Provincetown, but he never contacted 3A Marine for any reason and no repairs were made to the Vessel.

Following the Incident, the loss of the Vessel, the injuries to David Lundmark and the filing of his "Verified Complaint", Parry and his counsel searched for another party to blame for Parry's negligence by filing the First Amended Third-Party Claim against 3A Marine.  "A fundamental principle of third-party practice is that in order to maintain a third-party complaint a direct line of liability must be alleged to exist between the third-party plaintiff [Parry] and the third-party defendant [3A Marine] independent of that between the first-party plaintiff [Lundmark] and defendant [Parry]. *Moorhead Const. Co. v. City of Grand Forks*, 508 F.2d 1008, 1012 (8th Cir. 1975) (citing § 1442Purpose and Construction of Rule 14, 6 Fed. Prac. & Proc. Civ. § 1442 (3d ed.)).  Parry's claims against 3A Marine are independent of the claims between Lundmark and Parry, but there is no evidence showing that 3A Marine breached any obligation to Parry, which caused the Incident.  Accordingly, Parry fails to meet the requisite evidentiary burden on the element of causation and this Honorable Court should properly grant 3A Marine's Motion for Summary Judgment and dismiss Counts I through VI of Plaintiff's First Amended Third-Party Claim.

**WHEREFORE,** Claimant/Third-Party Defendant, 3A Marine Service, Inc., prays that this Honorable Court grant its Motion for Summary Judgment and dismiss Counts I

through VI of Plaintiff's First Amended Third-Party Claim because Plaintiff fails to meet

the requisite evidentiary burden on the element of causation.

Respectfully submitted
by its attorneys,
**"/s/ Terence G. Kenneally"**
**Thomas J. Muzyka**
**B.B.O. No. 365540**
**Terence G. Kenneally**
**B.B.O. No. 642124**
**CLINTON & MUZYKA P.C.**
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
Tel:    (617) 723-9165
Fax:    (617) 720-3489
Email: tkenneally@clinmuzyka.com

## CERTIFICATE OF SERVICE

Pursuant to *Local Rule 5.2*, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 22, 2018**.**

**"/s/ Terence G. Kenneally"**
**Terence G. Kenneally**