UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF                                           ) <br> GORDON E. PARRY, JR., as Owner of          ) <br> 2003 Chaparral Signature 280 cabin cruiser, ) <br> MS-2594-AJ, HIN-FGBA0331F203,              ) <br> For Exoneration from or Limitation of        ) <br> Liability.                                                     ) | CIVIL ACTION <br> NO.: 15-10686-LTS |

## PLAINTIFF'S PRETRIAL MEMORANDUM

Now comes the Plaintiff, Gordon E. Parry, Jr., ("Parry") by and through his counsel to submit his Pretrial Memorandum as ordered by this Honorable Court.

1.    <u>Concise Summary of Evidence to be Offered:</u>

Parry was the owner of a 2003 Chaparral Signature 280 cabin cruiser, bearing Massachusetts Registration MS-2594-AJ and hull identification number ("HIN") FGBA0331F203 ("Vessel"). The Vessel was destroyed and is a total loss as a result of an August 24, 2014 explosion and fire ("incident") onboard the Vessel while underway upon the navigable waters of Provincetown Harbor, Provincetown, Massachusetts that resulted in the burning and sinking of the Vessel. The sole passenger onboard the Vessel at the time of the incident was David P. Lundmark ("Lundmark").

On August 24, 2014 on or around 1130 hours, Parry and Lundmark boarded the Vessel in Provincetown Harbor, Provincetown, Massachusetts ("harbor") via dinghy in order to deliver the Vessel to Boston, Massachusetts. Parry was the owner and operator of the Vessel. The Vessel's blowers were run for approximately ten minutes before the engines started without incident and the Vessel's mooring lines were cast. Shortly after getting underway within the confines of Provincetown Harbor mooring field ("mooring field") the Vessel's port engine stalled. With the Vessel's blowers still running the port engine was restarted without incident and the Vessel

continued to make way through the mooring field towards the end of the harbor's "no wake" (5mph) zone.

Upon leaving the no wake zone Parry began to increase the throttle speed of the Vessel's engines in order to achieve cruising (planing) speed. Shortly thereafter an explosion occurred in the aft engine compartment of the Vessel causing the Vessel to be engulfed in flames. Parry and Lundmark made their way to the bow (front) of the Vessel and entered the water. Almost immediately a Provincetown Harbormaster Vessel out on patrol attended to the Vessel, Parry and Lundmark.

Lundmark was transported to the Provincetown Town Pier where he was met and treated by EMT personnel. Lundmark was eventually taken to a hospital in Boston for the injuries he sustained.

The evidence will show that while Parry was a competent boat operator, he deferred all maintenance to 3A Marine Service, Inc. Before bringing the Vessel to Provincetown, 3A Marine serviced the Vessel and found it to be in good working order. The evidence will show that the explosion of the boat was not due to the negligence of Parry. Further, the evidence will show that he lacked privity and knowledge of any condition that would render the Vessel unsafe.

2. <u>Contested Issues of Fact:</u>
    A.    The cause of the fire
    B.    Whether Lundmark smelled gas on the boat
    C.    Whether Lundmark informed Parry about the gas smell allegedly noticed by Lundmark

3. <u>Parry may be filing motions to exclude Lundmark's experts.</u>

4. <u>Burden Shifting:</u>  In response to the Court's request, Parry's position on burden shifting is as follows:

The Limitation Act allows a vessel owner to limit its liability for any maritime injury or loss to the value of the vessel provided that the owner lacks privity or knowledge concerning the events that gave rise to the damage.  *In Re Rhoten*, 397 F.Supp.2d 151, 164 (2005) (*citing Cape Fear, Inc. v. Martin*, 312 F.3d 496, 499 (1st Cir. 2002).

A limitation of liability proceeding is a bifurcated analysis.  First, the court determines whether negligence caused the accident.  Second, the court determines whether the shipowner was privy to, or had knowledge of, the causative agent.  Lundmark bears the initial burden of persuasion on negligence.  If Lundmark succeeds in his showing of negligence, the burden shifts to Parry to establish his lack of privity and knowledge.  *See In Re Rhoten*, 397 F.Supp.2d 151, 164-165 (2005).  *See also Carr v. PMS Fishing Corp.*, 191 F.3d 1, 1999 AMC 2958 (1st Cir. 1999); *Estate of Muer v. Karbel*¸146 F3d 410, 1998 AMC 2668 (6th Cir. 1998).

Privity or knowledge can be actual or constructive.  It typically implies some degree of culpable participation or neglected duty on the vessel owner's part.  *Id.*

5. <u>Length of Trial:</u> Parry estimates the trial to take three half days.

6. <u>Witnesses</u>:

    A. Gordon Parry

    B. Patrick Desmond, Customer Service Manager - 3A Marine
       316 Lincoln Street
       Hingham, MA 02043

    C. John Crowley, Technician - 3A Marine
       316 Lincoln Street
       Hingham, MA 02043

    D. Rex McKinsey, Harbormaster
       Town of Provincetown Harbormaster's Office

    24 MacMillan Wharf
    Provincetown, MA 02657

 E. John Dematteis, Assistant Harbormaster
   Town of Provincetown Harbormaster's Office
   24 MacMillan Wharf
   Provincetown, MA 02657

 F. Steven Sundquist, Sr. Forensic Specialist
   Travelers Engineering Laboratory
   90 Lamberton Road
   Windsor, CT 06095

 G. 30(b)(6) Designee
   3A Marine
   316 Lincoln Street
   Hingham, MA 02043

 H. Luis Ribas, Assistant Harbormaster
   Town of Provincetown Harbormaster's Office
   24 MacMillan Wharf
   Provincetown, MA 02657

7. <u>Proposed Exhibits</u>:

 A. Repair Order/Invoices for 2003 28' Vessel with Twin Volvo Penta Engines

 B. Technician Job Reports for 2003 28' Vessel

 C. Various photographs of the Vessel

 D. Service Agreement with 3A Marine

 E. Various photographs of exemplar vessel

 F. Vessel schematic

         Respectfully submitted,

         /s/ David S. Smith
         _____
         David S. Smith, Esq. BBO No.: 634865
         Farrell Smith O'Connell, LLP
         27 Congress St. Ste. 109
         Salem, MA 01970
         978-744-8918
         dsmith@fsofirm.com

## **CERTIFICATE OF SERVICE**

    I, David S. Smith, hereby certify that I caused to have served a copy of the foregoing document upon all parties of record utilizing the ECF system this 7th day of December, 2018.

                                         /s/ David S. Smith
                                         David S. Smith